UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | CAUSE NO.: 2:17-CR-80-JVB-JEM |
| ) | |
| DARRYL HALL, ) | |
|     Defendant. ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant's Motion to Modify Sentence [DE 98]. Defendant Darryl Hall, by counsel, filed the motion on July 13, 2020. The Government responded on August 4, 2020. Defendant did not reply. For the reasons below, the Court denies the motion.

## BACKGROUND

On July 19, 2017, an Indictment was filed charging Defendant with eight counts related to wire fraud and identity theft. Defendant was arrested on August 18, 2017, pursuant to an arrest warrant. He was held without bond pending trial.

On November 6, 2017, Defendant pled guilty to two of the counts against him pursuant to a plea agreement. At the March 26, 2018 sentencing hearing, the Court dismissed the remaining counts, and sentenced Defendant to a total of 57 months imprisonment and three years supervised release on the counts to which Defendant pled guilty. Defendant is currently confined at the Federal Correctional Facility in Milan, Michigan (FCI-Milan).

On June 5, 2020, Defendant, then *pro se*, filed a previous motion for compassionate release, asking to be released from prison in light of the COVID-19 pandemic and his diabetes and hypertension. The Court denied that motion, finding that Defendant did not meet his burden. Defendant, now represented by counsel, has filed the instant motion, citing his type-2 diabetes,

high blood pressure, and obesity as factors that he argues, combined with the COVID-19 pandemic, should result in compassionate release.

## ANALYSIS

Under 18 U.S.C. § 3582(c)(1)(A), the Court can grant a defendant's motion for compassionate release if the defendant complied with the administrative exhaustion requirement and the Court, having considered the factors found at 18 U.S.C. § 3553(a) as applicable, finds that extraordinary and compelling reasons warrant compassionate release and that compassionate release is consistent with the United States Sentencing Commission's applicable policy statements. Defendant complied with the administrative exhaustion requirement.

Congress tasked the Sentencing Commission with promulgating a policy statement on § 3582(c)(1)(A) and the definition of "extraordinary and compelling reasons." 28 U.S.C. § 994(t). The policy statement, found in the application notes to § 1B1.13 of the United States Sentencing Guidelines Manual, provides, as is relevant here, that a defendant's medical condition is an extraordinary and compelling reason when the defendant's serious physical or medical condition "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility" and the defendant is not expected to recover from the condition. U.S. Sentencing Guidelines Manual § 1B1.13 cmt. 1.[1]

To the extent Defendant requests home confinement as relief separate from compassionate release, that relief is not available for the Court to grant. While compassionate release—that is, a *reduction* in sentence—is governed by § 3582(c)(1)(A), the *location* where a sentence is served is not. Authority for determining the location where a sentence is served (including home confinement) is given to the Bureau of Prisons. *See* 18 U.S.C. §§ 3621(b), 3624(c)(2). The Court

---

[1] The policy statement does not reflect the First Step Act's change to § 3582(c)(1)(A), which now permits a defendant to bring a motion for compassionate release.

does not have the authority to order the remainder of Defendant's sentence to be served on home confinement. *United States v. Council*, No. 1:14-CR-14-5, 2020 WL 3097461, at *7 (June 11, 2020); *United States v. Neeley*, No. 1:14-cr-00096, 2020 WL 1956126, at *2 (S.D. Ind. Apr. 23, 2020). The Court, therefore, will only consider whether compassionate release is appropriate.

As detailed above, Defendant identifies type-2 diabetes, high blood pressure, and obesity as medical conditions for the Court to consider in deciding whether to grant Defendant compassionate release. Defendant has presented medical records documenting these conditions. The Government also attached medical records, which are more complete than those submitted by Defendant, which show a BMI of 37, (Ex. 1, 32, ECF No. 105-1); an A1C level that recently declined from 9.0 to 7.6 over four months with diet, exercise, and non-insulin medication, (Ex. 1, 8, 29, ECF No. 105-1); and blood pressure readings ranging from 115/76 to 136/88, (Ex. 1, 31, ECF No. 105-1).

Though type-2 diabetes and obesity are conditions that lead to higher risk for severe illness from COVID-19 and high blood pressure is a condition that might lead to such a higher risk for severe illness, *see* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited August 12, 2020), Defendant has not shown that these conditions substantially diminish his ability to provide self-care at his place of incarceration. In fact, he has made no statement at all regarding how these conditions affect him, either during the pandemic or during more normal times.

Essentially, Defendant's argument is that he faces an unwelcome risk if he contracts COVID-19. The Court does not take this concern lightly. However, FCI-Milan currently has 1 inmate and 1 staff member with confirmed positive test results for COVID-19, three inmates have died of COVID-19, and 94 inmates and 55 staff members have recovered from COVID-19. *See*

https://www.bop.gov/coronavirus/ (last visited August 12, 2020). The inmate population at FCI-Milan is 1,363. https://www.bop.gov/locations/institutions/mil/ (last visited August 12, 2020). Defendant indicates that he would live with his mother "in the Northern District of Indiana" if he were released. COVID-19 is not restricted to places of incarceration. Indiana counties in the Northern District of Indiana have as many as 4.79 positive cases per hundred residents (Cass County) to as few as 0.29 positive cases per hundred residents (Warren County). *See* https://www.coronavirus.in.gov/2393.htm (last visited August 12, 2020). Logic suggests that different municipalities within each county likely have differing rates of positive cases as well. From the level of specificity provided by Defendant, the Court cannot determine whether Defendant would be facing a higher, lower, or comparable rate of positive cases if released.

Under the circumstances, the Court cannot say that Defendant's medical conditions and the present COVID-19 pandemic provide an extraordinary and compelling reason to warrant compassionate release and must deny the motion. In so doing, however, the Court

> do[es] not mean to minimize the risks that COVID-19 poses in the federal prison system . . . . But the mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering [the Bureau of Prisons'] statutory role, and its extensive and professional efforts to curtail the virus's spread.

*United States v. Raia*, 954 F.3 594, 597 (3d Cir. 2020).

## CONCLUSION

Based on the foregoing, the Court hereby **DENIES** Defendant's Motion to Modify Sentence [DE 98].

SO ORDERED on August 12, 2020.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN, JUDGE  
UNITED STATES DISTRICT COURT

4